**CHAPMAN & DEWEY LUMBER COMPANY**

v.

**UNITED STATES of America.**

**Civ. No. 5113.**

United States District Court
W. D. Tennessee, W. D.

Nov. 19, 1964.

On Motion for New Trial
Jan. 8, 1965.

**870**

H. A. McBride, Thomas F. Johnston, Memphis, Tenn., for plaintiff.

Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Robert I. White, Dept. of Justice, Washington, D. C., for defendant.

BAILEY BROWN, District Judge.

This is a suit to recover a refund of income taxes paid by plaintiff pursuant to deficiency assessments for its fiscal years ending March 31, 1957 and 1958. These deficiency assessments resulted from a disallowance by the Commissioner of Internal Revenue of deductions based on expenditures and depreciation incurred in connection with reforestation, it being the position of the Commissioner that these items were properly capital expenditures which should have been added to basis. Affidavits and depositions have been filed, and the Government has moved for a summary judgment on the ground that, from the undisputed facts, it must be concluded that these reforestation expenditures and depreciation were capital in nature.

 It appears without dispute from the affidavit and the depositions that during the fiscal years 1957 and 1958, plaintiff, which owned a seventy-five acre tract of land, carried out a reforestation program as to this tract by first clearing the land of undesirable underbrush and other material and then planting thereon small cottonwood trees. Plaintiff is in the business of manufacturing and selling hardwood lumber, the logs for which are generally obtained by purchase from others or from tracts of timberland owned by plaintiff. The deductions involved here were for labor, for supplies, and for depreciation on machinery, all incurred in connection with this reforestation.

It appears from these undisputed facts that these expenditures and depreciation were capital in nature and should have been added to basis, as the Commissioner contended, rather than deducted as current expenses, as plaintiff contended.

See: I.R.C. 1954, Secs. 263(a) (1), 611(a), 1012, and 1016(a) (1). Treasury Regulations (1954) Sec. 1.611–3(a) and (b) (2). Belcher v. Patterson, 6 A.F. T.R.2d 5697 (D.C.Ala., 1960), aff'd in part and reversed in part without discussion of this point, 302 F.2d 289 (C.A. 5, 1962), cert. denied, 371 U.S. 921, 83

S.Ct. 289, 9 L.Ed.2d 230 (1962); 2 Prentice-Hall, Fed. Taxes (1964) at ¶ 14, 777, page 14580.

Defendant will prepare a judgment for entry.

## ON MOTION FOR NEW TRIAL AFTER SUMMARY JUDGMENT GRANTED IN FAVOR OF DEFENDANT

THE COURT (orally):

Gentlemen, in this case the Plaintiff Chapman & Dewey Lumber Company filed a complaint seeking a refund of additional Income Taxes paid following a disallowance of reforestation expense as a currently deductible expense.

The claims for refund, copies of which were attached to the Complaint, were likewise for additional Income Taxes paid following disallowance of reforestation expense as a currently deductible expense.

The Government filed the Affidavit of Mr. White, the Government's attorney, and the depositions of two of the Plaintiff's employees, Mr. Rogers and Mr. Layer, and then moved for a Summary Judgment. Plaintiff offered no affidavits or depositions at that time except the sworn claims for refund exhibited to Complaint.

These depositions of the Plaintiff's employees and the entire record showed, without dispute, that the work done in connection with which this expense was incurred all had to do with a 75-acre tract on Hatchie Coon Island.

The work consisted, the record showed without dispute, of the following:

First, clearing of the land with a bulldozer; secondly, dragging a disc over the land; thirdly, making holes with spikes for the seedlings; fourth, procuring the seedlings; fifth, planting the seedlings; sixth, keeping the seedlings free and clear of other growth for a period of two years until they could take care of themselves.

The record without dispute also showed that the expenses incurred were in the following categories:

First, the labor expense for the work done; secondly, the cost of some of the seedlings—it appeared that some of the seedlings were purchased; third, depreciation of the machinery used in the reforestation, that is to say, the machinery used in the clearing of the land and the discing; fourth, the gasoline and other supplies used in connection with this machinery.

When the motion came on to be heard for a Summary Judgment, there was, as stated, no affidavit or other sworn material offered by the Plaintiff except the claims for refund exhibited to the Complaint.

The Court granted the Motion for a Summary Judgment on the basis that all this expense, as a matter of law, was reforestation expense, and therefore had to be capitalized as the Government contends.

I might say that in the Points and Authorities filed by both the Plaintiff and the Government, the whole argument was whether or not reforestation expense had to be capitalized. The question presented in the Plaintiff's Memorandum of Authorities was strictly that question.

In its Memorandum of Authorities in connection with the Motion for a Summary Judgment, the Plaintiff argued that the Regulation requiring capitalization of this expense was void. The Plaintiff also argued that in any event the Tax Court case of St. Germain (P-H Memo T.C., Par. 59,073) was authority for its position. We didn't think it was. We granted the Summary Judgment for Defendant for reasons set out in our Memorandum, and in effect held the Regulation valid.

Now, the Plaintiff is making these contentions on its Motion for a New Trial.

As we understand them, it says, first, that the Court, in part, based its granting of the Motion for a Summary Judgment on a Treasury Regulation, and that we simply can't, relying on a Treasury Regulation, grant a Summary Judgment. We think we can.

872

■ The Plaintiff further contends that in any event they are entitled to offer proof to show the invalidity of the Regulation. That could be true, but if the Plaintiff desired to attack the Regulation on that basis, it should have offered affidavits and deposition or something of that nature, in support of that contention, at the hearing for Summary Judgment.

The Court of Appeals for the Sixth Circuit has fairly recently held that, on a Motion for Summary Judgment, the only things that the Court can consider are affidavits and depositions on file at the time. In the Motion for a Summary Judgment, you have to have something in a sworn form at the time of the hearing. And, as stated, we held in effect, based on the entire record before us at that time, that the Regulation was valid.

The next contention of the Plaintiff on this Motion for a New Trial is based upon the contention that, in fact, a number of these expenses had nothing to do with reforestation of a tract and were incurred separate and apart from that.

And with that contention we would have a whole new lawsuit. In support of that contention, the Plaintiff has now filed certain affidavits alleging that that be the fact.

It seems to the Court that we have several difficulties here. The first is, of course, that the claims for refund ,upon which the suit is based are not broad enough to cover this new theory that some of these expenses were not incurred in connection with the reforestation of Hatchie Coon, but rather are ordinary and necessary expenses incurred separate and apart from that. There is nothing in the claims for refund which indicates that these expenses were other than for reforestation.

■ We have this problem also: That the Plaintiff is, in essence, making a Motion for a New Trial based upon newly-discovered evidence. These affidavits, contending that some of these expenses were incurred separate and apart from the Hatchie Coon reforestation, are, in effect, newly-discovered evidence, but there is no real effort to show that due diligence was exercised on the part of the Plaintiff to discover this evidence prior to the hearing on the Motion for a Summary Judgment.

There is a statment in one of the affidavits to the effect that the accountant who was handling the affairs of the company at the time this expense was incurred is now dead, but we are talking about expenses incurred back in 1957 and 1958. There has been no showing, that we can see, that what has been discovered and set out in these affidavits now couldn't just as well have been discovered three months ago or six months ago or a year ago.

It is our view that there is just no basis for granting a Motion for a New Trial based upon newly-discovered evidence because there is no showing of due diligence in that respect.

So, as we say, it seems to the Court that insofar as the Plaintiff seeks a new trial on the theory that it should have been allowed to offer proof to lay the predicate for the attack on the validity of the Regulation, the answer to that is that the Plaintiff should have introduced affidavits or something in the record on the Motion for Summary Judgment which would show the Regulation to be invalid. Certainly, the record at the time the Court heard the Motion for a Summary Judgment was not a sufficient predicate for a successful attack on the validity of the Regulation.

■ Insofar as the Plaintiff is, in effect, seeking a new trial to press its claim that some of these expenses were incurred entirely apart from the reforestation on the Hatchie Coon tree farm, the answer is that the claim for refund is not broad enough to cover that theory. Moreover, that theory was simply not before the Court and is not based upon any evidence or any affidavit before the Court at the time we heard the Motion for Summary Judgment. And there is no showing here of due diligence in its failure to produce that evidence on a Motion for a Summary Judgment.

We think the Order Granting The Motion For Summary Judgment should be affirmed and that the Motion for a New Trial should be overruled.

The only doubt we have at all about the correctness of what we are doing goes to the question of whether or not the expenses incurred in keeping the little trees free and clear of other growth for a period of two years after planting may be a currently deductible expense rather than reforestation, and we think, as a matter of law, it is reforestation. We can't see any difference between this and the expense of watering the little trees for the first few days after they are planted. We think that would be reforestation, as a matter of law. If we are wrong, we suspect the amount involved in that connection is minimal and it would be a little ridiculous to try this lawsuit to the point that the Court was ruling, as a matter of law, that that was the only item on which the Plaintiff was entitled to go to the Jury, and we think the proper handling of this is to overrule the Motion for a New Trial.